**Dudley STILES, Petitioner,**

v.

**RESOLUTION TRUST CORPORATION, As Receiver of Hallmark Savings & Loan Association, F.A., Respondent.**

**No. D–2595.**

Supreme Court of Texas.

Dec. 8, 1993.

Stephen A. Coke, Richard W. Winn, Dallas, for petitioner.

Keith B. Cummiskey, Dallas, for respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, in which GONZALEZ, HIGHTOWER, DOGGETT, CORNYN, GAMMAGE, ENOCH and SPECTOR, Justices, join.

Dudley W. Stiles appeals from the affirmance of a summary judgment in favor of the Resolution Trust Corporation (RTC), as receiver for Hallmark Savings and Loan Association (Hallmark), in its suit to recover the balance due on a promissory note. Because the court of appeals erroneously affirmed on a ground not relied upon by the RTC in its motion for summary judgment, and because the summary judgment cannot be sustained on any ground that the RTC did rely upon, we reverse the judgment and remand the cause to the trial court.

Hallmark commenced this suit in October 1989 to collect on a note executed by Stiles in March 1988 payable to Hallmark's predecessor. Stiles answered, raising the defenses of release, accord and satisfaction, payment, and estoppel. The RTC was subsequently appointed receiver for Hallmark, and in September 1990 intervened in this suit and moved for summary judgment. The RTC supported its motion with an affidavit alleging that Stiles had signed the note, that the RTC was now owner and holder of the note, that the note was in default, and that $608,-460.14 plus interest remained due.

The motion did not mention the *D'Oench, Duhme* doctrine or 12 U.S.C. § 1823(e). The *D'Oench, Duhme* doctrine, a rule of federal common law that originated in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), prevents an obligor from asserting as a defense to a collection suit by the RTC an oral side agreement with the failed depository institution that alters the terms of a facially unqualified note. *See RTC v. Murray,* 935 F.2d 89, 93–94 (5th Cir.1991); *Bell & Murphy and Associates, Inc. v. Interfirst Bank Gateway, N.A.,* 894 F.2d 750, 752–53 (5th Cir.), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990). Section 1823(e) codifies this rule by requiring any such agreement to be in writing, to have been executed by the depository institution and the obligor contemporaneously with the institution's acquisition of the note, to have been formally approved by the directors of the depository institution, and to have continuously been an official record of the depository institution.

Stiles responded to the summary judgment motion by reasserting his defenses and by attaching an affidavit from the former chairman of the board of Hallmark's predecessor indicating that Stiles's note had been released in March 1989 in settlement negotiations concerning indebtedness and potential liability on various commercial properties. Stiles also produced correspondence from officers of Hallmark's predecessor concerning these settlement negotiations.

On March 20, 1991, the trial court rendered summary judgment for the RTC without specifying grounds therefor. The court of appeals affirmed, holding that the affidavit and documentation produced by Stiles did not comply with the requirements of *D'Oench* and section 1823(e). 831 S.W.2d 24 (1992). The court concluded that, even though the RTC had not raised *D'Oench* or section 1823(e) in the trial court, it was Stiles's burden to negate this doctrine in attempting to raise a fact issue regarding his affirmative defenses. *Id.* at 28.

Under Rule 166a(c), Texas Rules of Civil Procedure, a motion for summary judgment must "state the specific grounds therefor," and the trial court is to render judgment if "the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." Prior to the 1978 amendments to Rule 166a(c), we held that a summary judgment could be affirmed on appeal for reasons other than those urged in the motion. *Phil Phillips Ford, Inc. v. St. Paul Fire & Marine Ins. Co.*, 465 S.W.2d 933, 937 (Tex.1971); *In re Price's Estate*, 375 S.W.2d 900, 903–04 (Tex.1964). When those cases were decided, Rule 166a(c) did not expressly limit the trial court to consideration of the issues raised by the parties. The effect of the 1971 and 1978 changes adding the language quoted above is to unequivocally restrict the trial court's ruling to issues raised in the motion, response, and any subsequent replies. *See McConnell v. Southside Independent School District*, 858 S.W.2d 337, 339–342 (Tex.1993); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

■ Though the rule does not expressly preclude an appellate court from affirming a summary judgment on grounds not raised in the trial court, we believe that the reasons for the rule in the trial court apply equally in the appellate court. The assertion of new grounds before the appellate court in support of summary judgment may prejudice the nonmovant's ability to demonstrate that the issue raises a genuine issue of material fact. Moreover, in all cases it deprives the litigants and the appellate court of the benefit of the trial court's judgment on the issue. For these reasons, we hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response. *Accord Home Indemnity Co. v. Pate*, 814 S.W.2d 497, 500 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 517–18 (Tex. App.—Austin 1991, writ denied); *Dhillon v. General Accident Ins. Co.*, 789 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1990, no writ).

■ The *D'Oench* doctrine and section 1823(e) are not exceptions to this rule. Nor is this rule inapplicable because these grounds were being relied upon to negate the nonmovant's affirmative defenses rather than to establish the movant's *prima facie* case for summary judgment. Once Stiles had produced competent summary judgment proof raising a genuine issue of material fact as to the validity of his affirmative defenses, it was incumbent upon the RTC to raise *D'Oench* or section 1823(e) if it wanted the trial court to disregard Stiles's evidence.

The court of appeals therefore erred in considering *D'Oench* and its statutory counterpart where the RTC was a party at trial but failed to assert these grounds in its summary judgment motion or in a subsequent reply to Stiles's response. It is clear, moreover, that without considering that doctrine, the court of appeals would have been obligated to reverse the summary judgment; the written documents before the trial court raise a genuine factual issue as to the validity of Stiles's affirmative defenses.

Under the provisions of Rule 170, Texas Rules of Appellate Procedure, we grant the writ of error and decide the case without oral argument. We reverse the judgment of the court of appeals and remand the cause to the trial court.

HECHT, Justice, dissenting.

As the Court's opinion makes clear, the Resolution Trust Corporation was entitled to summary judgment against Dudley Stiles unless Stiles' summary judgment evidence raised a genuine issue of material fact regarding one of his affirmative defenses of

release, accord and satisfaction, payment or estoppel. None of those defenses was available against the RTC unless Stiles' evidence met the requirements of *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and 12 U.S.C. § 1823(e), set out in the Court's opinion. It did not. Nevertheless, the Court holds that the RTC was not entitled to summary judgment because it did not assert *D'Oench, Duhme* or section 1823(e) in reply to Stiles' response to its motion for summary judgment. In my view, the RTC was not required to do so. Section 1823(e), which codifies the rule in *D'Oench, Duhme,* states that "[n]o agreement ... shall be valid against the [RTC] unless" it meets certain requirements. The agreement Stiles alleges, as the basis for his affirmative defenses, does not meet these requirements. If the plaintiff in this case were an individual, Stiles' evidence would raise a fact issue regarding his asserted defenses. To raise a fact issue against the RTC, however, Stiles was obliged to offer evidence not simply of *some* agreement but of an agreement legally sufficient to defeat the RTC's claim; this he failed to do. The RTC was not obliged to disprove the existence of such an agreement, or even to point out that it is entitled to the benefit of *D'Oench, Duhme* and section 1823(e). As a matter of law, an agreement asserted in defense of the RTC's claim on a note must meet certain requirements. In this case defendant produced no evidence of an agreement that met these requirements. I believe the lower courts were correct, and I would affirm their judgments.