Chavela GARCIA, Individually and as Surviving Spouse of Jose P. Garcia, As Personal Representative of the Estate of Jose P. Garcia, and as Next Friend of Jose Daniel Garcia, Graciela Garcia and Izela Isabel Garcia, Minors, Appellants,

v.

SOUTH TEXAS SECURITY AND ALARM CO., Robert Reed, Individually and d/b/a South Texas Security and Alarm Co., Appellees.

No. 13–92–578–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 2, 1995.

Rehearing Overruled Dec. 8, 1995.

Jorge C. Rangel, Augustin Rivera, Jr., Rangel & Chriss, Corpus Christi, for appellants.

Elizabeth G. Neally, D. Alan Erwin, Jr., Roerig, Oliveira & Fisher, Brownsville, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a summary judgment disposing of Chavela Garcia's suit against Robert Reed and South Texas Security & Alarm Co. Garcia asserts that Reed and South Texas Security were negligent in their training of Norberto Sandoval, a security guard whose gun was used to kill Garcia's husband.[1] Based on a joint motion for summary judgment, the trial court granted a general summary judgment in favor of Reed and South Texas Security. We affirm.

## BACKGROUND

In 1986, Sandoval graduated from South Texas Security's training course for security guards. Reed taught this course, which certified Sandoval to use a handgun while carrying out his guard duties. This was the last contact between Sandoval and South Texas Security or Reed. Sandoval found work as a security guard and was employed in this field for over two and a half uneventful years after he graduated from the course.

After he finished his duties one night in 1989, Sandoval changed out of his uniform

---

1. Sandoval was tried for the murder of Jose Garcia and acquitted on appeal. *Sandoval v.* *State of Texas,* 846 S.W.2d 9 (Tex.App.—Corpus Christi 1992, pet. ref'd).

and joined Alfredo Gomez Perez for an evening at a local bar. Sandoval placed his gun and uniform under the front seat of Perez's car.

Later that night, Sandoval and Perez met two women. These four left the bar and went to a convenience store where Jose Garcia happened to be using the telephone. Garcia was the plaintiff's husband.

At the store, one of the women became upset and tried to leave Sandoval and Perez. Garcia overheard the row and offered to drive the woman home. As Garcia and the woman were driving away, Perez removed Sandoval's gun from under the front seat of the car and shot Garcia. Garcia died as a result of the gunshot.

Individually and as representative of her family, Chavela Garcia sued Reed, South Texas Security, and other defendants. She asserts that Reed and South Texas Security negligently failed to instruct Sandoval how he should secure his weapon when he was off duty. If South Texas Security had taught Sandoval the proper method for securing his weapon, Garcia contends, Sandoval would not have developed the practice of stowing his gun under the front seat of his car. If Sandoval were not in the habit of leaving his handgun under the seat, Garcia further contends, Perez could not have gained access to Sandoval's gun. And if Perez had no access to Sandoval's weapon, Garcia concludes, her husband would not have been killed.

South Texas Security and Reed filed a joint motion for summary judgment on the issues of duty and proximate cause. Based on this motion, the trial court granted a general summary judgment. Reed and South Texas Security severed this judgment from the remainder of the case, and Garcia perfected appeal on four points of error.

## MOTION FOR SUMMARY JUDGMENT

■ We first address Garcia's contention that the defendants' motion failed to state their grounds for summary judgment. See Tex.R.Civ.P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.") The first paragraph of

Reed and South Texas Security's motion for summary judgment concludes as follows:

> Plaintiffs have shown no legal duty that these Defendants owed to Plaintiffs and there is no causal connection between the Defendants' conduct and the damages suffered by the Plaintiffs.

This sentence from the defendants' motion for summary judgment shows that they complied with Rule 166a. See Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (discussing standards of compliance with Rule 166a(c)). Accordingly, we overrule Garcia's point of error attacking the defendants' motion.

## EVIDENCE FOR SUMMARY JUDGMENT

We now turn to Garcia's point of error challenging the evidence that Reed and South Texas Security offered to support their motion for summary judgment. Garcia contends that the defendants failed to present independent summary judgment evidence to enable their motion to stand on its own merits. See McConnell v. Southside Sch. Dist., 858 S.W.2d 337, 342 (Tex.1993) (motion must be supported by independent proof and draws no strength from deficiencies in nonmovant's response).

■ Reed and South Texas Security attached Reed's affidavit to their motion for summary judgment. Reed stated that neither he nor South Texas Security had any contact with Sandoval after Sandoval completed the security guard training course. This fact was never controverted.

In their supplemental motion for summary judgment, Reed and South Texas Security incorporated excerpts from Sandoval's deposition. Sandoval explained that he had been recertified to carry a handgun only a few months before Jose Garcia was shot. Jerry Park provided this recertification training after Muniz Security sent Sandoval to Mid-Valley Security Training Academy. Neither South Texas Security nor Reed were involved with Sandoval's recertification. Significantly, it was only after this subsequent retraining that Sandoval began carrying a handgun and stowing it under his car seat as a matter of habit. Sandoval also admitted

that visiting a bar without first securing his gun at home was a violation of the principles that he had been taught by Reed.

This testimony bears directly on the issue of proximate cause. Accordingly, we do not agree that Reed and South Texas Security presented no independent evidence to support their motion. Garcia's point of error attacking the defendants' summary judgment evidence is overruled.

## GRANT OF SUMMARY JUDGMENT

Under her next point of error, Garcia asserts that the trial court erred by granting Reed and South Texas Security's motion for summary judgment. Of the two grounds for summary judgment urged in the defendants' motion, we focus on the element of proximate cause.

▮ To merit summary judgment on the issue of causation, Reed and South Texas Security were obliged to conclusively disprove that their training program was the legal cause of Jose Garcia's death. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471–72 (Tex.1991). When determining whether the defendants resolved this issue as a matter of law, we accept the truth of all evidence favorable to Garcia and indulge every reasonable inference on her behalf. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Even considering this burden of proof, the summary judgment evidence proves Sandoval's security guard training course did not produce Garcia's death through a continuous sequence of events. Sandoval's uncontroverted deposition testimony establishes at least two breaks in the natural and continuous chain of causation.

First, Sandoval and his coworkers at Muniz Security generally kept their handguns in their cars. Sandoval developed this habit only after he received recertification training from Jerry Park at Mid–Valley Security Training Academy. From the time of his initial training under Reed until Sandoval's recertification, Sandoval had never stored a handgun in such an insecure manner. Sandoval's retraining, therefore, interrupts the continuous sequence of events between the defendants' initial training and Jose Garcia's death.

The second and more significant discontinuity in the chain of causation is Sandoval's admission that he had knowingly disobeyed the handgun safety rules that Reed taught him. Reed told Sandoval that he should never go to a bar without first securing his gun at home. By willfully ignoring this rule, Sandoval demonstrated that he was not inclined to follow Reed's specific instructions regarding the importance of securing his gun before going to a bar. Under these circumstances, neither Reed nor South Texas Security could have provided training sufficient to have prevented Jose Garcia's death.

The evidence attached to the defendants' motion for summary judgment conclusively proves these two interruptions to the natural and continuous sequence of events. As a result, the defendants have established their right to judgment as a matter of law by showing that their training of Sandoval was not the legal cause of Jose Garcia's death. *Cf. Lear Siegler*, 819 S.W.2d at 472 (summary judgment based on causation is appropriate when undisputed evidence shows defendant's conduct is too remotely connected with accident to constitute legal cause). Accordingly, we overrule Chavela Garcia's point of error directed at the trial court's grant of summary judgment.

## CONCLUSION

▮ Because the trial court did not specify its basis for granting the defendants' motion, we must affirm the summary judgment if any ground urged in the defendants' motion is valid. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied). Consequently, we do not reach Garcia's remaining point of error regarding the issue of duty.

We affirm the trial court's summary judgment.