Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed April 12, 2005









 

Affirmed in Part and
Reversed and Remanded in
Part and Memorandum Opinion  filed April
12, 2005. 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00388-CV

____________

 

ELMER A.
RICHARDSON,
Appellant

 

V.

 

CRAIG AND SHARON
DUPERIER, D/B/A LEGACY BUILDING SYSTEMS, Appellees

 



 

On Appeal from the 25th
District Court

Colorado  County, Texas

Trial Court Cause No. 20,704

 



 

M E M O R A N D U M   O P I N I O N

Appellant Elmer A. Richardson sued Craig
and Sharon Duperier, d/b/a Legacy Building Systems (ALegacy@), seeking damages
for alleged faulty construction of a building on his property.  The trial court granted a summary judgment in
Legacy=s favor and
dismissed Richardson=s claims. 
On appeal, Richardson contends the trial court erred in several
respects.  We affirm in part and reverse
and remand in part.

 








I.        Factual
Background

Richardson contracted with Legacy to
construct a post frame building on his property.  The parties later amended the contract to
provide that Legacy would prepare the pad site. 
The construction was completed in the summer of 1998.  Several years later, Richardson began
encountering problems with the building. 
On July 1, 2003, Richardson sued Legacy, alleging breach of contract,
deceptive trade practices, and breach of implied warranties, based on the
building=s allegedly
defective foundation.  

Legacy moved for summary judgment on the
claims Richardson alleged in his first amended petition: (1) breach of
contract; (2) breach of the implied warranty of good and workmanlike
construction; and (3) violation of sections 17.46(b)(24) and 17.50(a)(2) of the
Deceptive Trade Practices-Consumer Protection Act (ADTPA@).[1]  In response, Richardson filed a response and
a second amended petition in which he added claims for breach of the implied
warranty of habitability.  On April 1,
2004, the trial court signed an order granting Legacy=s motion and
ordering that Richardson take nothing on his claims.  This appeal followed.








II.       Analysis

Richardson contends that the trial court
erred in granting summary judgment because (1) he pleaded the discovery rule in
response to Legacy=s affirmative defense of limitations; (2)
he raised a genuine issue of material fact on his breach of contract claim; (3)
Legacy=s disclaimer of
the implied warranty of good and workmanlike construction was not effective;
and (4) his DTPA allegations constituted separate claims based on Legacy=s failure to
disclose information and its breach of implied warranties.  We address each in turn.

A.      Standard
of Review

Summary judgment may be rendered only if
the record shows an absence of a genuine issue of material fact and the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c).  A defendant is entitled to summary judgment
only if he (1) conclusively negates at least one element of each of the
plaintiff's causes of action, or (2) conclusively establishes each element of
an affirmative defense to each claim.  Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997).  A summary judgment for the defendant
disposing of an entire case is proper only if, as a matter of law, the
plaintiff could not succeed on any of the theories pleaded.  Butcher v. Scott, 906 S.W.2d 14, 15
(Tex. 1995).

In deciding whether a disputed issue of
material fact exists precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548B49 (Tex.
1985).  Every reasonable inference must
be indulged in favor of the non-movant and any doubt resolved in his
favor.  Id.  A summary judgment must stand or fall on the
grounds expressly presented in the motion. 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339B41 (Tex.
1993).  When, as here, the trial court=s order does not specify the grounds
on which a motion for summary judgment was granted, we will affirm the summary
judgment if any of the theories advanced in the motion is meritorious.  Cincinnati Life Ins. Co. v. Cates, 927
S.W.2d 623, 625 (Tex. 1996).








B.      Limitations

Legacy moved for summary judgment on
Richardson=s breach of contract claim on the
affirmative defense of limitations.  In
its motion, Legacy asserted that the four-year statute of limitations applied
to the claim, and that Richardson filed his lawsuit more than four years after
the building was completed.  In response,
Richardson asserted that the discovery rule applied to toll the statute of
limitations until he discovered the alleged foundation defects.  In an attached affidavit, he stated that he
first noticed that the floor of the structure=s upstair=s bedroom was
slightly tilted in December of 2001.[2]  Richardson also pleaded the discovery rule in his second
amended petition and attached a copy of the petition to his response.  Therefore, Richardson contended, the statute
of limitations was tolled until December 2001, and his suit was timely filed in
July of 2003.  

A defendant moving for summary judgment on
the affirmative defense of limitations has the burden to conclusively establish
that defense.  Velsicol Chem. Corp. v.
Winograd, 956 S.W.2d 529, 530 (Tex. 1997). 
When the plaintiff pleads the discovery rule as an exception to
limitations, the defendant must negate that exception as well.  See id. at 530; Burns v. Thomas,
786 S.W.2d 266, 267 (Tex. 1990). 
Although Richardson admitted that he filed suit more than four years
after construction of the building was completed, Legacy presented no evidence
to negate Richardson=s assertion of the discovery rule.

Legacy contends, however, that the
discovery rule cannot apply.  In support
of this, it contends it presented uncontroverted summary judgment evidenceCin the attached
affidavit of Craig DuperierCthat pole barns do
not have a foundation and that Richardson=s building was
constructed in compliance with the specifications in the contract.  Legacy asserts that Richardson=s claims appear to
arise from the design of the pole barn, which he was aware of when he signed
the contract.








While Legacy is correct that Duperier made
these statements in his affidavit, nowhere in Legacy=s motion did it
rely on these statements.  The only
argument Legacy made concerning Richardson=s breach of
contract claim was that it was barred because his suit was filed more than four
years after the construction was completed. 
The grounds for
summary judgment must be expressly presented in the summary judgment motion
itself.  Stiles v.
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993); McConnell, 858 S.W.2d at 341.  A court may not rely on briefs or summary
judgment evidence in determining whether grounds are expressly presented.  McConnell, 858 S.W.2d at 341.
 Thus, all theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the
trial court.  Casso v. Brand, 776
S.W.2d 551, 553 (Tex. 1989).

Because Legacy failed to meet its burden
to negate the discovery rule, the trial court erred to the extent it granted
summary judgment on Richardson=s breach of
contract claim on the basis of limitations.[3]  We sustain Richardson=s first issue.

C.      Breach
of Contract

In his second issue, Richardson contends
the trial court erred in granting summary judgment on his breach of contract
claim because he raised a genuine issue of material fact.  In response, Legacy again points to Duperier=s affidavit as
uncontroverted evidence establishing that Richardson=s building was
constructed to the specifications in the parties= contract.  As discussed above, however, Legacy did not
address the substance of the breach of contract claim in its motion.  

The trial court would have erred if it
granted summary judgment on a ground not expressly raised in Legacy=s motion.  See Stiles, 867 S.W.2d at 26.  Therefore, we sustain Richardson=s issue. 

 








D.      Implied
Warranty of Good and Workmanlike Construction

Legacy=s third basis for
summary judgment attacked Richardson=s claim for breach
of the implied warranty of good and workmanlike construction, noting that the
implied warranty was merely a Agap-filler@ and was
superseded by an express warranty in the contract.  See Centex Homes v. Buecher, 95
S.W.3d 266, 273B75 (Tex. 2002).  As we explain below, we hold that the
contract=s express warranty
that the workmanship would not be defective superseded the implied warranty of
good and workmanlike construction.

The warranty is contained in the fourth
numbered paragraph of the AGeneral Conditions@ found on the back
of the parties= contract. 
It provides as follows:

[Legacy] warrants
its products against failure due to defective workmanship or materials for a
period of one year from completion date. 
[Legacy] does not warrant products which are not manufactured by
[Legacy] except to the extent of the warranty [Legacy] may actually receive
from the manufacturer.  [Legacy=s] liability shall
be limited to the written warranties specified herein.

The front page of the contract, just below the
signature lines, includes the following reference to these general conditions: ASee reverse side
for conditions of contract.@

The Centex court instructs that A[t]he implied
warranty of good workmanship serves as a >gap-filler= or >default warranty=; it applies
unless and until the parties express a contrary intention.@  Id. at 273.  Because it is a gap-filler, Athe parties= agreement may
supersede the implied standard for workmanship, but the agreement cannot simply
disclaim it.@  Id.
at 274.  The Centex court explains
that, in order to successfully disclaim the implied warranty of good
workmanship, the parties= agreement must Aprovide[] for the
manner, performance or quality of the desired construction.@  Id. at 275. 

Here, the parties= contract did not Asimply disclaim@ the implied
warranty of good workmanship.  Instead,
it superseded the warranty, guaranteeing the home against Afailure due to
defective workmanship.@ 
This description provides an objective standard by which Legacy=s workmanship can
be measured.  On this description, both
parties could locate experts to testify whether the workmanship was defective
or was not defective.








Richardson attempts to distinguish Centex
by pointing out that the express warranty at issue in that case was set
out in all capital letters and was initialed by the purchaser, while the
express warranty in Legacy=s contract was Asimply boilerplate
language on the reverse side@ of the contract
that was Aprobably not even seen by the purchaser.@[4]  Richardson cites Melody Home Manufacturing
Co. v. Barnes to support his contention that the express waiver here is
ineffective, noting that, in that case, the Texas Supreme Court stated A[i]t would be
incongruous if public policy required the creation of an implied warranty, yet
allowed the warranty to be disclaimed and its protection eliminated merely by a
pre-printed standard form disclaimer or an unintelligible merger clause.@  See 741 S.W.2d 349, 355 (Tex. 1987).  However, Melody Home is
distinguishable for two reasons: (1) it involved a different type of warranty;
and (1) that warranty could not be contractually disclaimed as a matter of
public policy.  

In Melody Home, the Texas Supreme
Court held that an implied warranty to repair or modify existing tangible goods
or property in a good and workmanlike manner is available to consumers suing
under the DTPA.  Id. at 354.  The Melody Home court further held
that this implied warranty Amay not be waived
or disclaimed.@  Id.
at 355.  The statement Richardson relies
on followed this holding and provided additional explanation for it.  Centex, a more recent opinion, makes
it clear that the implied warranty of good and workmanlike constructionCthe warranty at
issue hereCmay be disclaimed by the parties= agreement so long
as the agreement Aprovide[s] for the manner, performance or
quality of the desired construction.@  Centex, 95 S.W.3d at 275. 








Therefore, we hold that Legacy was entitled
to summary judgment on Richardson=s claim for breach
of the implied warranty of good and workmanlike construction because the
express warranty in the parties= contract superseded
any implied warranty.  We overrule
Richardson=s third issue.

E.      DTPA
Violations

In his fourth issue, Richardson contends
that Legacy was not entitled to summary judgment on his claims that Legacy
violated the DTPA by failing to disclose information and breaching the implied
warranties of good and workmanlike construction and habitability.  We will address each separately.

1.       Failing
to disclose information

In his petition, Richardson alleged that
Legacy violated section 17.46(b)(24) by failing to disclose that it was not
qualified to propose a foundation plan and construct a foundation appropriate
for the soil underlying Richardson=s building.  In its motion for summary judgment, Legacy
contended that this claim was nothing more than a mere breach of contract claim
because, like Richardson=s breach of contract and implied warranty
claims, Richardson was actually complaining of an allegedly improper
foundation, and he sought damages only for economic loss to the subject of the
contract.  See Continental Dredging,
Inc. v. De-Kaizered, Inc., 120 S.W.3d 380, 389B90 (Tex. App.CTexarkana 2003,
pet. denied); Lone Star Ford, Inc. v. Hill, 879 S.W.2d 116, 119 (Tex.
App.CHouston [14th
Dist.] 1994, no writ).  Richardson
responded that he presented evidence that Legacy (1) violated a specific
provision of the DTPA and (2) the violation was a producing cause of his
injury.  See Bekins Moving &
Storage Co. v. Williams, 947 S.W.2d 568, 578 (Tex. App.CTexarkana 1997, no
writ).  








We agree with Legacy that Richardson does
not state a separate claim for violation of the DTPA.  Richardson=s contention that
Legacy violated the DTPA by failing to disclose that it was not qualified to
propose a foundation plan and construct an appropriate foundation is directed
to Legacy=s alleged failure to perform the contract
rather than any separately actionable nondisclosure that harmed
Richardson.  See Crawford v. Ace Sign,
Inc., 917 S.W.2d 12, 14B15 (Tex. 1996)
(per curiam) (holding that mere breach of contract is not actionable under the
DTPA).  Moreover, Richards does not
identify any act by Legacy that misled him into believing that it had the
requisite expertise to construct an adequate foundation.  In essence, Richardson is claiming that,
because Legacy failed to perform the contract, it must have failed to disclose
that it was not qualified to perform the contract.  Such an allegation, if accepted, could
transform every breach of contract into a DTPA violation.  See id. at 14.  Therefore, we hold that Richardson failed to
allege a separate claim that Legacy violated section 17.46(b)(24) of the
DTPA.  

2.       Implied
warranties of good and workmanlike construction and habitability

Richardson claims that Legacy=s breach of the
implied warranty of good and workmanlike construction also constitutes a
violation of sections 17.46(b)(7) and 17.50(a)(2) of the DTPA.  See Tex.
Civ. Prac. & Rem. Code ' 17.46(b)(7)
(providing that deceptive trade practices include Arepresenting that
goods or services are of a particular standard, quality, or grade, or that
goods are of a particular style or model, if they are of another@) and ' 17.50(a)(2) (providing
that a consumer may maintain an action under the DTPA for the breach of an
express or implied warranty that constitutes a producing cause of economic
damages or damages for mental anguish). 
We have already determined, however, that Richardson does not have a
claim for violation of this implied warranty, because an express warranty
supersedes the implied warranty. 
Therefore, it cannot be a basis for alleged DTPA violations.   








Richardson also alleges that Legacy
breached the implied warranty of habitability and  that this breach is actionable under section
17.50(a)(2) of the DTPA.  We find that
Legacy is not entitled to summary judgment on these claims.  Breach of the implied warranty of
habitability is a separate and distinct warranty from the implied warranty of
good and workmanlike construction.  See
Centex, 95 S.W.3d at 272 (noting that the implied warranty of good and
workmanlike construction and the implied warranty of habitability are Adistinct and
different warranties@). 
Richardson filed his second amended petition, adding this claim, after
Legacy moved for summary judgment. 
Legacy did not amend or supplement its motion to address this claim.  As we have discussed above, a summary
judgment can only be granted on the grounds addressed in the motion.  Tex.
R. Civ. P. 166a(c); McConnell, 853 S.W.2d at 341.  A judgment granting more relief than the
movant is entitled to is subject to reversal. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).  Because Legacy did not move for summary
judgment on Richardson=s claims that Legacy breached the implied
warranty of habitability and that this breach also constitutes a violation of
the DTPA, it is not entitled to summary judgment on these claims.

In summary, Legacy was entitled to summary
judgment on Richardson=s claim that Legacy violated the DTPA by
failing to disclose information.  Legacy
also was entitled to summary judgment on Richardson=s claims that
Legacy=s alleged
violation of the implied warranty of good and workmanlike conduct constituted
DTPA violations.  Legacy was not entitled
to summary judgment, however, on Richardson=s claims that
Legacy breached the implied warranty of habitability and violated the DTPA
based on the breach of this warranty. 

III.      Conclusion

We affirm the trial court=s summary judgment
as to Richardson=s claims of breach of the implied warranty
of good and workmanlike construction and violations of the DTPA based on the
breach of this warranty.  We also affirm
the trial court=s summary judgment as to Richardson=s claim that
Legacy violated DTPA section 17.46(b)(24) by failing to disclose
information.  We reverse the trial court=s summary judgment
as to Richardson=s claims for breach of contract, breach of
the implied warranty of habitability, and violation of the DTPA based on breach
of the implied warranty of habitability, and remand these claims to the trial
court for further proceedings consistent with this opinion.

 

 

/s/      Wanda McKee Fowler

Justice

Judgment rendered
and Memorandum Opinion filed April 12, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.











[1]  Section
17.46(b)(24) makes unlawful the false, misleading, or deceptive act or practice
of Afailing to disclose information concerning goods or
services which was known at the time of the transaction if such failure to
disclose such information was intended to induce the consumer into a
transaction into which the consumer would not have entered had the information
been disclosed.@  Tex. Civ. Prac. & Rem. Code ' 17.46(b)(24). 
Section 17. 50(a)(2) provides that a consumer may maintain an action
when the breach of an implied or express warranty constitutes a producing cause
of economic damages or damages for mental anguish.  See Id. '
17.50(a)(2).





[2]  During 2002, Richardson also
noticed that the floor on the bottom of the building developed some Aserious cracks@ and he began having trouble with
doors not closing and windows becoming offset.





[3]  In their
appellate briefs, both Richardson and Legacy discuss whether the statute of
limitations applies to Richardson=s other
causes of action; however, Legacy=s
limitations argument was directed only to Richardson=s breach of contract claim.  Accordingly, we need not address those
additional arguments.





[4]  Richardson
does not argue or present evidence that he did not read or understand the
provision.  Additionally, although
Richardson describes the appearance of the disclaimer provision at issue in Centex,  that disclaimer does not include the terms of
the warranty provided.  Instead, the
disclaimer recites that A[a]t closing Seller will deliver to Purchaser, Seller=s standard form of homeowner=s Limited Home Warranty against defects in workmanship
and materials, a copy of which is available to Purchaser.@  Centex,
95 S.W.3d at 268B69.