**COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:      Vicente Menchaca v. Insurance Company of the State of Pennsylvania

Appellate case number:   01-18-01122-CV

Trial court case number:  2017-04354

Trial court:                      113th District Court of Harris County

On December 21, 2018, appellant, Vicente Menchaca, proceeding pro se, filed a notice of appeal in the trial court from the trial court's September 21, 2018 final judgment in this workers' compensation case.  On January 22, 2019, appellant filed this pro se "Motion to Supplement Record" contending that the reporter's record was not included in the CD that he picked up from the Clerk of this Court on January 18, 2019, and that the clerk's record is incomplete.  Specifically, appellant claims that the trial court's failure to respond to his request for findings of fact and conclusions of law makes it difficult for him to prepare a brief without it, and he requests to supplement the record and that he be granted extra days to file his brief after the supplemental record is filed with this Court.

The reporter's record of the August 24, 2018 hearing on the appellee's motion for entry of judgment was filed in this Court on December 31, 2018, and the clerk's record was filed on January 15, 2019.  Appellant is notified that he must contact the court reporter for the reporter's record and that the records are complete based on the standard list of documents required in civil appeals for the clerk's record.  *See* TEX. R. APP. P. 34.5(a).  If appellant seeks to supplement the record, he must file a written request with the district clerk, and he should put an uncertified copy of the documents to be supplemented in the appendix attached to his appellant's brief, with a notation that the certified copies have been requested from the district clerk.  *See* TEX. R. APP. P. 34.5(c)(1), 38.1(k)(2).  Accordingly, appellant's "Motion to Supplement Record" is **dismissed as moot** because any record supplementation requests must be filed with the district clerk.

In addition, after a review of the district clerk's letter of assignment, filed in this Court on December 12, 2018, and the clerk's record, filed on January 15, 2019, appellant

is notified that this Court may dismiss this appeal for want of jurisdiction as untimely. *See* TEX. R. APP. P. 42.3(a), (c). Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law within twenty days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g).

Here, because appellant's notice of appeal was filed in the trial court on December 21, 2018, ninety-one days after the September 21, 2018 final judgment, it is untimely unless a timely post-judgment motion or a proper request for findings and conclusions was timely filed. *See* TEX. R. APP. P. 26.1(a)(1), (4), 26.3. The clerk's record does not indicate that any motion for new trial or motion to modify was timely filed within thirty days before or after the September 21, 2018 final judgment was signed. *See* TEX. R. CIV. P. 329b(a), (g). After the trial court's order granting the appellee's motion for summary judgment was signed on June 29, 2018, appellee filed a request for entry of final judgment on August 8, 2018, as required under Texas Labor Code § 410.258(f). On August 15, 2018, appellant filed a "Texas Rule of Civil Procedure 329b Motion to Modify Judgment," in which he asked the trial court to deny appellee's notice of submission of its request for entry of final judgment and proposed final judgment, and to enter a judgment in favor of appellant. On September 21, 2018, the trial court signed the final judgment and stated that it made final its earlier June 29, 2018 order granting the appellee's motion for summary judgment and that it was the appealable final judgment. On October 8, 2018, appellant timely filed a request for findings of fact and conclusions of law from the September 21, 2018 final judgment, but none were signed by the trial court. *See* TEX. R. CIV. P. 296, 297.

However, the September 21, 2018 final judgment was not rendered following a bench trial as required by Rule 296 to request findings and conclusions, but instead after granting appellee's motion for summary judgment. *See* TEX. R. CIV. P. 296. "[F]indings of fact and conclusions of law have no place in a summary judgment proceeding." *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). The reason is that for summary judgment to be rendered, there cannot be a "genuine issue as to any material fact," TEX. R. CIV. P. 166a(c), and the legal grounds are confined to those stated in the motion and response. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). Thus, with a summary judgment, findings and conclusions were neither "required," nor could they have properly been "considered by the appellate court." TEX. R. APP. P. 26.1(a)(4). Although appellant's request for findings and conclusions was timely, it was an improper request made after summary judgment and, thus, did not extend his deadline for filing his notice of appeal. *See Wilson v. Jordan Mem. Church of God*, No. 01-03-00844-CV, 2004 WL 253503, at *1 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.) (per curiam) (mem. op.) (granting appellee's motion to dismiss appeal for want of jurisdiction because improper request for findings and conclusions following summary judgment did not extend time to file notice

of appeal).  Therefore, appellant's notice of appeal was due thirty days after the September 21, 2018 final judgment, or by October 22, 2018, and his December 21, 2018 notice of appeal was untimely.  *See* TEX. R. APP. P. 4.1(a), 26.1.

Accordingly, the Court **ORDERS** appellant to file a response, providing a detailed explanation, citing relevant portions of the record, statutes, rules, or case law, to show how this Court has jurisdiction over this appeal.  Any response must be filed with the Clerk of this Court **within 10 days of the date of this Order** or this appeal **may be dismissed for want of jurisdiction without further notice**.  *See* TEX. R. APP. P. 42.3(a), (c).

It is so ORDERED.
Judge's signature: ___/s/ Laura C. Higley__
                          x  Acting individually     ☐  Acting for the Court
Date: __January 29, 2019__

3