**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



CORRECTED ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:  Vicente Menchaca v. Insurance Company of the State of Pennsylvania

Appellate case number:  01-18-01122-CV

Trial court case number:  2017-04354

Trial court:  113th District Court of Harris County

On December 21, 2018, appellant, Vicente Menchaca, proceeding pro se, filed a notice of appeal in the trial court from the trial court's September 21, 2018 final judgment in this workers' compensation case. On January 22, 2019, appellant filed this pro se "Motion to Supplement Record" contending that the reporter's record was not included in the CD that he picked up from the Clerk of this Court on January 18, 2019, and that the clerk's record is incomplete. Specifically, appellant claims that the trial court's failure to respond to his request for findings of fact and conclusions of law makes it difficult for him to prepare a brief without it, and he requests to supplement the record and that he be granted extra days to file his brief after the supplemental record is filed with this Court.

The reporter's record of the August 24, 2018 hearing on the appellee's motion for entry of judgment was filed in this Court on December 31, 2018, and the clerk's record was filed on January 15, 2019. Appellant is notified that he must contact the court reporter for the reporter's record and that the records are complete based on the standard list of documents required in civil appeals for the clerk's record. *See* TEX. R. APP. P. 34.5(a). If appellant seeks to supplement the record, he must file a written request with the district clerk, and he should put an uncertified copy of the documents to be supplemented in the appendix attached to his appellant's brief, with a notation that the certified copies have been requested from the district clerk. *See* TEX. R. APP. P. 34.5(c)(1), 38.1(k)(2). Accordingly, appellant's "Motion to Supplement Record" is **dismissed as moot** because any record supplementation requests must be filed with the district clerk.

In addition, after a review of the district clerk's letter of assignment, filed in this Court on December 12, 2018, and the clerk's record, filed on January 15, 2019, appellant

is notified that this Court may dismiss this appeal for want of jurisdiction as untimely. *See* TEX. R. APP. P. 42.3(a), (c). It appears that appellant's notice of appeal was untimely filed on December 21, 2018, from the trial court's September 21, 2018 final judgment. *See* TEX. R. APP. P. 26.1(a)(2).

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law within twenty days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period under Rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Even with an implied extension, the appellant must, however, offer a reasonable explanation, in this Court, for failing to timely file the notice. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Here, appellant timely filed a request for findings of fact and conclusions of law on October 8, 2018, from the September 21, 2018 final judgment, but none were signed by the trial court. *See* TEX. R. CIV. P. 296, 297. However, the September 21, 2018 final judgment was not rendered following a bench trial as required by Rule 296 to request findings and conclusions, but instead after granting appellee's motion for summary judgment. *See* TEX. R. CIV. P. 296. "[F]indings of fact and conclusions of law have no place in a summary judgment proceeding." *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). The reason is that for summary judgment to be rendered, there cannot be a "genuine issue as to any material fact," TEX. R. CIV. P. 166a(c), and the legal grounds are confined to those stated in the motion and response. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). Thus, with a summary judgment, findings and conclusions were neither "required," nor could they have properly been "considered by the appellate court." TEX. R. APP. P. 26.1(a)(4). Although appellant's request for findings and conclusions was timely, it was an improper request made after summary judgment and, thus, did not extend his deadline for filing his notice of appeal. *See Wilson v. Jordan Mem. Church of God*, No. 01-03-00844-CV, 2004 WL 253503, at *1 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.) (per curiam) (mem. op.) (granting appellee's motion to dismiss appeal for want of jurisdiction because improper request for findings and conclusions following summary judgment did not extend time to file notice of appeal).

Nevertheless, the Texas Supreme Court has held that "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Ryland Enterprise, Inc. v.*

2

*Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (citation omitted). Although the clerk's record does not indicate that any motion for new trial or to modify was timely filed within thirty days *after* the September 21, 2018 final judgment was signed, appellant did file a motion to modify *before* the judgment, which is deemed to have been filed on the date of the judgment. *See* TEX. R. CIV. P. 306c, 329b(a), (g). After the trial court's order granting the appellee's motion for summary judgment was signed on June 29, 2018, appellee filed a request for entry of final judgment on August 8, 2018, as required under Texas Labor Code § 410.258(f). On August 15, 2018, appellant prematurely filed a "Texas Rule of Civil Procedure 329b Motion to Modify Judgment," in which he asked the trial court to deny appellee's notice of submission of its request for entry of final judgment, and to enter a judgment for appellant, which was deemed to be filed on the date of the September 21, 2018 judgment. *See* TEX. R. CIV. P. 306c. The Texas Supreme Court has held that "the filing of a motion for new trial or to modify the judgment, *before* the judgment is signed or within thirty days after, extends the deadline for filing a notice of appeal to ninety days." *Weatherspoon*, 355 S.W.3d at 666 (emphasis added). Thus, appellant's premature motion to modify extended his deadline to file his notice of appeal for ninety days after the September 21, 2018 final judgment, or by December 20, 2018, and his December 21, 2018 notice of appeal was untimely by one day. *See* TEX. R. APP. P. 4.1(a), 26.1(a)(2).

Although a motion for extension of time to file the notice of appeal was necessarily implied because appellant's December 21, 2018 notice of appeal was filed within the fifteen-day extension period ending on January 4, 2019, appellant must still offer a reasonable explanation for failing to timely file the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b); *Hone*, 104 S.W.3d at 886-87; *Verburgt*, 959 S.W.2d at 617–18. A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone*, 104 S.W.3d at 886 (internal quotation marks and citation omitted).

Accordingly, the Clerk of this Court is **directed to withdraw** this Court's January 29, 2019 Order, and **dismiss as moot** appellant's motion to supplement. Appellant is warned that unless, **within 10 days of the date of this order**, you respond in writing to this order by filing a motion for extension of time to file the notice of appeal and providing a reasonable explanation for untimely filing the notice of appeal, the Court **may dismiss your appeal for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 10.3(a), 42.3(a), (c).

It is so ORDERED.

Judge's signature: _/s/ Laura Carter Higley_____

                      ☒ Acting individually    ☐ Acting for the Court

Date: __February 12, 2019___