

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00271-CV

———————————————

RUSSELL SCOTT DONALDSON, AS NEXT FRIEND OF HIS
GRANDCHILDREN:  L.A., R.A., A.A. AND R.S.A., THE HEIRS OF
ROBERT JOHN AQUINO, III, Appellant

V.

PRO-CRAFT GENERAL CONTRACTORS, INC., Appellee

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-316723-20

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Robert John Aquino, III stepped on a nail that was sticking up from a discarded baseboard at a residential worksite, so he sued his employer—Appellee Pro-Craft General Contractors, Inc.—for premises liability and employment-related negligence. Pro-Craft moved for a no-evidence summary judgment on the duty element of the premises liability claim, arguing that there was no evidence that it had actual or constructive knowledge of the dangerous condition. The trial court granted summary judgment and ordered that Aquino take nothing on all of his claims.

Aquino's heirs (the Heirs) challenge the judgment through their next friend, Appellant Russell Scott Donaldson.[1] The Heirs argue that (1) there was a fact issue on the premises liability claim because there was evidence that Pro-Craft workers created the dangerous condition and thus that Pro-Craft had knowledge of the condition; and (2) the take-nothing judgment on their negligence claim was erroneous because Pro-Craft owed Aquino employment-related negligence duties in addition to its premises liability duties.[2]

Because the Heirs' challenge to the premises liability judgment has merit, and because the relief granted in the summary judgment exceeded the scope of the underlying summary judgment motion, we will reverse and remand.

[1]Aquino died from unrelated health issues.

[2]The Heirs' appellate issues have been reordered for organizational purposes.

## I. Background

Aquino oversaw water-damage mitigation projects at Pro-Craft, and at the time of his injury, Pro-Craft had a small crew of men who were mitigating water damage at a customer's home. Even before Aquino saw the home, Pro-Craft's crew had begun what Aquino referred to as the "standard mitigation process": "[t]hey had pulled baseboards, pulled up flooring, [and] set up drying equipment." After the customer called to complain about the crew's work—claiming, among other things, that the crew was not properly disposing of debris at the end of each day—Aquino visited the home to talk to the customer, review the work, chastise the crew if necessary, and estimate the cost of the project.[3]

When Aquino arrived, the home was, in essence, a construction site, and while walking backward through a doorway in the home, Aquino stepped on a nail that was protruding from a discarded baseboard. In his deposition, Aquino confirmed that the baseboard had been removed by the Pro-Craft crew and was laying on the floor with the nail sticking straight up. The nail pierced through Aquino's shoe and into his heel, and he later claimed that the wound became infected, requiring amputation of his leg below the knee.

---

[3]Aquino had not visited the home prior to the day of his injury.

Pro-Craft was not a subscriber to workers' compensation, so Aquino sued Pro-Craft for premises liability and negligence. After Aquino's death, his Heirs took over his claims.[4]

Pro-Craft challenged Aquino's premises liability claim through a no-evidence summary judgment by arguing that it had no duty to remedy or warn of the dangerous condition—the baseboard—because there was no evidence that Pro-Craft had actual or constructive knowledge of the condition.[5] Initially, the trial court denied this motion, but upon reconsideration, the trial court granted it. Although the motion had addressed only the premises liability claim, the trial court ordered that the Heirs take nothing on all of their claims.[6] The Heirs now appeal.

---

[4]Aquino named multiple other defendants, but the other defendants were nonsuited and are not parties to this appeal. The Heirs also added a claim for negligent undertaking, and although the judgment disposed of that claim as well, the Heirs do not challenge that disposition on appeal.

[5]Pro-Craft filed two motions for summary judgment. In its first motion, Pro-Craft took what it later referred to as the "shotgun approach." It sought summary judgment on Aquino's negligence claim by arguing that his suit sounded exclusively in premises liability, and it asserted nine grounds for traditional and no-evidence summary judgment on Aquino's premises liability claim. The trial court denied this first motion.

Pro-Craft then filed a narrower motion, which took what Pro-Craft described as "a rifle shot at the duty element." It is this second motion for summary judgment that is the subject of this appeal.

[6]Pro-Craft's no-evidence motion for summary judgment was entitled "No-Evidence Motion for Summary Judgment on Duty," and the trial court's order identified and granted that motion by name.

## II. Standard of Review

When a defendant files a no-evidence motion for summary judgment challenging an essential element of the plaintiff's claim—as Pro-Craft did in its motion—the burden shifts to the plaintiff to produce evidence raising a genuine issue of material fact on the challenged element. Tex. R. Civ. P. 166a(i); *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). If the plaintiff responds with more than a scintilla of probative evidence to support the challenged element, then summary judgment is improper. *JLB Builders*, 622 S.W.3d at 864.

We review a summary judgment de novo, considering the summary judgment evidence in the light most favorable to the nonmovant. *Id.*; *Taylor v. Goodwill Indus. of Fort Worth*, No. 02-23-00328-CV, 2024 WL 1100872, at *1 (Tex. App.—Fort Worth Mar. 14, 2024, no pet. h.) (mem. op.).

## III. Discussion

The sole ground presented in Pro-Craft's no-evidence motion was the lack of evidence of its knowledge of the dangerous condition. On appeal, the Heirs challenge both this ground and the take-nothing judgment on the remaining employment-related negligence claim.

### A. Premises Liability Claim

The Heirs first argue that they raised a genuine fact question regarding the knowledge element of their premises liability claim because they produced evidence

5

that Pro-Craft's employees created the dangerous condition, which the Heirs contend amounted to evidence that Pro-Craft knew of the condition. Pro-Craft, for its part, argues that it was mere "surmise and suspicion" to assert that Pro-Craft employees created the condition,[7] and that, regardless, Pro-Craft's alleged creation of the condition was not evidence that it had knowledge of the condition.

### 1.    Premises Liability Knowledge Requirement

Generally, an employer that owns or operates a property has a duty to make safe or warn against concealed, unreasonably dangerous conditions of which the employer is, or reasonably should be, aware but the employee is not. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202–03 (Tex. 2015) (noting that, generally, premises liability duties owed by an employer to an employee are the same as those owed by a landowner to an invitee).[8] To prevail on a premises liability claim against a property-

---

[7]Pro-Craft periodically references the open-and-obvious doctrine, arguing that the Heirs were required to show that the danger was not open or obvious. But this doctrine was not asserted as a ground for Pro-Craft's no-evidence summary judgment, and if applicable, it would have related to Aquino's alleged knowledge of the condition—not Pro-Craft's. *See Taylor*, 2024 WL 1100872, at *1 (explaining that, "if a hazard is open and obvious, then the invitee is charged with awareness of the danger"). The summary judgment motion before us was advanced and granted on the narrow issue of Pro-Craft's alleged lack of knowledge, and it must stand or fall on that ground. *See Stiles v. Resol. Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

[8]Pro-Craft appears to interpret portions of the Heirs' argument as asserting that employers owe their employees heightened premises liability duties that exceed those owed by a landowner to an invitee. But we do not necessarily share this interpretation, and given our disposition of the Heirs' other arguments, we need not address it. *See* Tex. R. App. P. 47.1.

6

operating employer, an injured employee must establish four elements: (1) the employer had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the employer failed to take reasonable care to reduce or eliminate the risk; and (4) the employer's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the employee. *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

An employee can satisfy the first element—the knowledge requirement—"by establishing that (1) the defendant placed the [dangerous condition] on the floor, (2) the defendant actually knew that the [condition] was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *see Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 15–16 (Tex. 2014); *Carey v. Hi-Lo Auto Supply, LP*, No. 02-15-00345-CV, 2016 WL 3198872, at *3 (Tex. App.—Fort Worth June 9, 2016, no pet.) (mem. op.); *McClure v. Rich*, 95 S.W.3d 620, 626 (Tex. App.—Dallas 2002, no pet.).

## 2. Evidence of Pro-Craft's Knowledge

The Heirs produced more than a scintilla of summary judgment evidence that Pro-Craft created the dangerous condition by placing the baseboard on the floor. Aquino testified in his deposition that, when he arrived at the customer's home, there

were two Pro-Craft crew members at the site who had been "pull[ing] baseboards."[9] As Aquino was surveying the crew's work, he "stepped on a nail that was sticking up through a baseboard in the bedroom," which baseboard he confirmed had been pulled up by "[t]he guys at Pro-Craft"—the "workers there" on site.[10]  Although Pro-Craft argues that, as to constructive knowledge, such statements were mere "surmise and speculation" and that the baseboard "was present for . . . mere seconds before Aquino claims he stepped on it," this argument misses the mark.  The time-notice rule regarding constructive knowledge need not be proved if the plaintiff proves that the defendant created the dangerous condition.  *See Wal-Mart Stores*, 81 S.W.3d at 814 (listing methods for slip-and-fall plaintiff to satisfy knowledge requirement and discussing time-notice rule as alternative to establishing that "the defendant placed the substance on the floor" or that the defendant "actually knew that the substance was on the floor").

---

[9]This deposition was attached to Pro-Craft's motion, and excerpts from the same deposition were attached to the Heirs' response to the motion.  *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004) (concluding that, "if a [no-evidence summary judgment] motion brought solely under subsection (i) [of Rule 166a] attaches evidence, that evidence should not be considered unless it creates a fact question, but such a motion should not be disregarded or treated as a [traditional] motion under subsection (a) or (b)").

[10]Notably, Aquino's deposition addressed the workers' creation of the dangerous baseboard condition itself—not just an antecedent condition.  *Albertsons, LLC v. Mohammadi*, No. 23-0041, 2024 WL 1470905, at *3–5 (Tex. Apr. 5, 2024) (distinguishing between a premises owner's actual knowledge of the dangerous condition—there, a wet floor—as opposed to its knowledge of "the antecedent situation that produced [the dangerous condition]"—leaking items in a shopping cart).

Aquino's deposition testimony provided some evidence that Pro-Craft's crew had pulled the baseboard and discarded it on the floor, thereby creating the dangerous condition. And, contrary to Pro-Craft's contentions, the crew's creation of the baseboard hazard amounted to more than a scintilla of evidence that Pro-Craft knew of it. While creation of a dangerous condition does not establish knowledge as a matter of law, it is circumstantial evidence and may support an inference of knowledge.[11] *Keetch*, 845 S.W.2d at 265 (explaining that "[t]he fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge"); *City of Fort Worth v. Posey*, 593 S.W.3d 924, 931 (Tex. App.—Fort Worth 2020, no pet.) ("The fact that the owner of a premises created a condition that posed an unreasonable risk of harm is also circumstantial evidence of knowledge.").

Aquino's deposition testimony was enough evidence to defeat a no-evidence summary judgment challenge. *See Harkins v. Wal-Mart Stores Tex., LLC*, No. 02-21-00201-CV, 2022 WL 3453548, at *5 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied) (mem. op. on reh'g) (noting that, when faced with a no-evidence motion for summary judgment, "[t]he invitee may rely upon direct or circumstantial evidence to raise a fact issue on any of the[ challenged] elements" of the premises liability claim). Because Pro-Craft's alleged lack of knowledge was the sole basis for its no-evidence

---

[11]Pro-Craft acknowledged as much in its filings before the trial court.

9

motion for summary judgment and the trial court's corresponding summary judgment on the premises liability claim, we sustain the Heirs' premises liability issue.

## B.    Negligence Claim

The Heirs further challenge the trial court's granting of summary judgment on their employment-related negligence claim.

The parties agree that Pro-Craft's narrow "No-Evidence Motion for Summary Judgment on Duty" was the only summary judgment motion granted by the trial court and thus the only motion underlying the judgment. Yet, this motion was limited to the Heirs' premises liability claim and Pro-Craft's alleged lack of knowledge of the dangerous condition. The motion did not address the Heirs' negligence claim, nor did it seek judgment on that claim. The scope of the trial court's judgment thus exceeded the bounds of the summary judgment motion that was granted.

A trial court may not grant summary judgment on a cause of action not addressed in the summary judgment motion. *See Coyel v. City of Kennedale*, No. 2-03-161-CV, 2004 WL 65134, at *1 (Tex. App.—Fort Worth Jan. 15, 2004, no pet.) (mem. op.) ("It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment [motion]."). And for the same reason, a "[s]ummary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 531–32 (Tex. 2010); *see Henkel*, 441 S.W.3d at 251 n.1; *Stiles*, 867 S.W.2d at 26. "Granting a summary judgment on a claim not addressed in the summary judgment

10

motion . . . is, as a general rule, reversible error."[12]  *G & H Towing Co.*, 347 S.W.3d at

297.

---

[12]There is a "limited" exception to this general rule:  "Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, . . . the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case."  *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011).  For this exception to apply, there must be a "very tight fit" between the element addressed in the summary judgment motion and the element or claim erroneously included in the judgment.  *See id.* at 297 (quoting *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.)).  So, generally, the exception applies "(1) when the movant has conclusively proved or disproved a matter . . . that would also preclude the unaddressed claim as a matter of law or (2) when the unaddressed claim is derivative of the addressed claim, and the movant proved its entitlement to summary judgment on that addressed claim."  *Id.* (quoting *Wilson*, 305 S.W.3d at 73).

The knowledge element of a premises liability action is distinct from that of an employment-based negligence action.  *Cf. Austin*, 465 S.W.3d at 215–17 (explaining that, "when the landowner is also an employer and the invitee is also its employee, this additional relationship may give rise to additional [negligence] duties, such as a duty to provide necessary equipment, training, or supervision," and going on to explain that an employee may maintain both negligence and premises liability claims if his injury has multiple proximate causes).  And even if the knowledge element was not distinct, we have concluded that Pro-Craft was not entitled to summary judgment on this element of the Heirs' premises liability claim, so painting the Heirs' employment-related negligence claim with the same brush would not save that portion of the judgment.

Furthermore, neither party has asked us to apply the *G & H Towing* exception to this case.  Instead, the parties dispute whether the Heirs' claims sound exclusively in premises liability—whether they stated a valid claim for employment-related negligence or simply rephrased their premises liability claim under a negligence heading.  But that issue is distinct from the narrow knowledge issue decided by the trial court in its ruling on the "No-Evidence Motion for Summary Judgment on Duty," which is all that is before us.

11

Here, then, because the negligence summary judgment was outside the bounds of the motion at issue, there is no legal basis supported by the record on which we can affirm it. We sustain the Heirs' negligence issue.

### IV. Conclusion

Having sustained both of the Heirs' issues, we reverse the trial court's summary judgment and remand the case for further proceedings consistent with this opinion. Tex. R. App. P. 43.2(d).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: May 2, 2024

12