Bernard V. CARRICO, Jr. and Judith
A. Carrico, Appellants,

v.

George KONDOS and Carol
Kondos, Appellees.

No. 2–02–112–CV.

Court of Appeals of Texas,
Fort Worth.

April 24, 2003.

Rehearing Overruled June 26, 2003.

Law Offices of Griffin, Whitten, Jones & Reib and Michael J. Whitten, Law Group of Rocky Haire and Scott Reib, Denton, for Appellants.

Jackson Walker, L.L.P. and Michael L. Knapek and Robert W. Vetkoetter, Dallas, Albon O. Head, Fort Worth, for Appellees.

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

Appellants Bernard V. Carrico, Jr. and Judith A. Carrico (Carricos) appeal from a summary judgment dismissing with prejudice their claims against appellees George Kondos and Carol Kondos (Kondoses). We reverse the summary judgment and remand the case to the trial court.

### Factual Background

In December 1990 the Carricos conveyed a tract of real property in Flower Mound to the Kondoses. In February 1991 the Kondoses and the Carricos executed an Agreement (ROFR), in which the Kondoses agreed to give the Carricos written notice of any bona fide third party offer to purchase the property and granted the Carricos a right of first refusal to purchase the property on the terms of any such offer. On June 5, 1998, the Kondoses conveyed the property to Robbins Enterprises, Inc. (Robbins) without having first given the Carricos notice in accordance with the ROFR.

On June 30, 1998, Carol Kondos notified the Carricos that the property had been sold to Robbins. The Carricos' attorney then wrote a letter to the Kondoses claiming that the Kondoses had breached the ROFR and demanding either specific performance of the ROFR or damages. The Kondoses' attorney responded with a letter indicating that Robbins had agreed to sell the property to the Carricos in accordance with the terms of Robbins's purchase. Because the property had already been sold to Robbins, and the Carricos argued that they could have obtained more favorable financing when Robbins initially made its offer to the Kondoses, the Carricos did not accept this offer.

Robbins brought a suit to quiet title against the Carricos and also sought a declaratory judgment that Robbins owned the property free and clear of any claims of the Carricos. The Carricos counterclaimed and also brought a cross-claim against the Kondoses, seeking a determination that the Carricos were entitled to ownership of the property,[1] or, in the alternative, seeking damages for the Kondoses' breach of the ROFR.

Robbins and the Carricos settled their claims against each other. Robbins paid the Carricos $30,000, and the Carricos released all claims to ownership of the property. The Kondoses then filed a motion for summary judgment against the Carricos, which the trial court granted on the sole ground that the Carricos' claim against the Kondoses was barred by the election of remedies doctrine.

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his

---

1. The Carricos alleged that the ROFR was part of the consideration for the sale of the property to the Kondoses, and because the Kondoses did not give them the opportunity to exercise their rights under the ROFR, they did not receive the benefit of their bargain from the sale; therefore, the Carricos contended that the sale to the Kondoses should be rescinded.

summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded, and the evidence favorable to the nonmovant is accepted as true. *Rhone–Poulenc*, 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

■ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *KPMG Peat Marwick*, 988 S.W.2d at 748. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

■ This court must consider all summary judgment grounds the trial court ruled on and the movant preserved for appellate review that are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996). To preserve the grounds, the party must raise them in the summary judgment proceeding and present them in an issue or cross-point on appeal. *Id.*

## Analysis

### *Election of Remedies*

■ In their first issue, the Carricos contend that as a matter of law the election of remedies doctrine does not bar their claims against the Kondoses. An election of remedies is

the act of choosing between two or more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts. When a party thus chooses to exercise one of them he abandons his right to exercise the other remedy and is precluded from resorting to it.

*Custom Leasing, Inc. v. Tex. Bank & Trust Co.*, 491 S.W.2d 869, 871 (Tex.1973); *City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 165 (Tex.App.-Dallas 2001, pet. denied). The election doctrine may constitute a bar to relief when "(1) one successfully exercises an informed choice (2) between two or more remedies, rights or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice." *Sheffield*, 55 S.W.3d at 164 (quoting *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980)). The doctrine is meant "to prevent a party who has obtained a specific form of remedy from obtaining a different and inconsistent remedy for the same wrong." *Fina Supply, Inc. v. Abilene Nat'l Bank*, 726 S.W.2d 537, 541 (Tex.1987). The doctrine does not apply to "the assertion of distinct causes of

action against different parties arising out of independent transactions with such parties. There is no election where the remedies are neither inconsistent nor repugnant." *Haskell v. Border City Bank*, 649 S.W.2d 133, 135–36 (Tex.App.-El Paso 1983, no writ).

■■■ An election between remedies occurs, at the latest, when a party proceeds to final judgment on one claim with knowledge of an inconsistent claim or remedy. *Sheffield*, 55 S.W.3d at 165. Generally, it is the obtaining of a judgment on one theory or state of facts that precludes the ability to pursue other inconsistent remedies. *Id.* at 165, 167–68.

■■■ The election of remedies doctrine does not apply here because the two remedies at issue are not inconsistent. The Carricos' claim against Robbins was for ownership of the property. The Carricos did not proceed to judgment on that claim, but instead settled the case for $30,000. In the settlement agreement, the Carricos relinquished any rights they may have had to ownership of the property. The Carricos and Robbins entered into the settlement agreement to "eliminate the continued uncertainty, delay and expense associated with [the suit between Robbins and the Carricos]."

The Kondoses contend that the Carricos' acceptance of the $30,000 is inconsistent with their claims against the Kondoses for breach of contract. We do not agree. The Carricos accepted the $30,000 in exchange for relinquishing all ownership rights in the property and for dismissing their counterclaim against Robbins. Giving up the right to sue for ownership of the property and accepting $30,000 for doing so is not inconsistent with pursuing a claim for damages incurred as a result of not being given the opportunity to purchase the property at a specified time. We hold that as a matter of law the election of remedies doctrine does not bar the Carricos' claims against the Kondoses for breach of the ROFR. Accordingly, we sustain the Carricos' first issue.[2]

### Failure of Consideration

■■■ The Kondoses raised two other grounds in their summary judgment motion, which the trial court denied. In two issues,[3] the Kondoses contend that the summary judgment should be affirmed on those grounds.[4] The first ground the Kondoses assert is that the ROFR was not supported by consideration. The ROFR contained a recital that the parties' agreement was entered into "for and in consideration of Ten and No/100 Dollars ($10.00) and other good and valuable consider-

2. Because the Carricos' first issue is dispositive, we do not address their remaining issues. *See* Tex.R.App. P. 47.1.

3. These grounds are raised in the Kondoses' second and third issues. Their first issue is in reply to the Carricos' issues.

4. The Carricos claim that by asking this court to review these grounds, the Kondoses are seeking greater relief than was granted by the trial court; therefore, the Kondoses should have filed a separate notice of appeal. *See* Tex.R.App. P. 25.1(c). We agree with those courts holding that a separate notice of appeal is not necessary in this instance. *See Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401,

409 n. 2 (Tex.App.-Waco 2001, pet. denied); *Bosque Asset Corp. v. Greenberg*, 19 S.W.3d 514, 520 (Tex.App.-Eastland 2000, pet. denied), *overruled in part on other grounds by*, *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614, 618 (Tex.App.-Eastland 2000, pet. denied); *see also Dean v. Lafayette Place (Section One) Council of Co–Owners, Inc.*, 999 S.W.2d 814, 818 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (holding that no separate notice of appeal required to raise additional grounds for affirmance of take-nothing judgment after bench trial); *First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 503 (Tex.App.-Austin 1998, pet. denied) (same).

ation." The Kondoses attached to their summary judgment motion an affidavit from Carol Kondos stating that the Carricos did not pay the $10, nor did they give any other consideration for the ROFR. The Carricos attached to their response an affidavit from Bernard Carrico indicating that he paid the $10.[5]

■ The Carricos contend that the trial court could not consider the two affidavits because they are parol evidence and may not be used to contradict the recital of consideration in the contract, which shows on its face that consideration was given and received. A recital of acknowledgment of consideration is no more than a statement of fact that may be contradicted by parol evidence. *Joppich v. 1464–Eight, Ltd.*, 96 S.W.3d 614, 617 (Tex.App.-Houston [1st Dist.] 2002, pet. filed); *Boy Scouts of Am. v. Responsive Terminal Sys., Inc.*, 790 S.W.2d 738, 744 (Tex.App.-Dallas 1990, writ denied); *Cochell v. Cawthon*, 110 S.W.2d 636, 638 (Tex.Civ.App.-Amarillo 1937, writ dism'd). Thus, Bernard Carrico's assertion in his affidavit that the Carricos paid the Kondoses the $10 consideration recited in the ROFR raises a genuine issue of material fact on the Kondoses' affirmative defense of failure of consideration. We overrule the Kondoses' second issue.

### Election Under ROFR

■ In their third issue, the Kondoses claim that the trial court should have rendered summary judgment in their favor because after the sale to Robbins, they complied with the ROFR by informing the Carricos that Robbins would allow the Carricos to buy the property on the same terms that Robbins bought it; therefore, by not accepting Robbins's offer, the Carricos chose not to exercise their rights under the ROFR and are barred from suing the Kondoses for breach of the ROFR.

The Kondoses rely on *Martin v. Lott*, 482 S.W.2d 917 (Tex.Civ.App.-Dallas 1972, no writ), as support for their contention. The contract in *Martin* consisted of two letters in which the owner of a royalty interest agreed to give Martin notice before selling her interest, and Martin agreed to purchase the interest for a price stated in the letters. *Id.* at 919. The royalty interest owner subsequently died. *Id.* She had included a provision in her will devising her royalty interest to a third party, but she provided that Martin was entitled to the income from the interest during his life. *Id.* at 920. Martin accepted nine payments under the will, but then sued the owner's estate for specific performance of the letter agreements. *Id.* The issue in the case was whether by accepting payments under the will Martin had made an election of remedies, precluding him from obtaining specific performance based on the owner's breach of the letter agreement by devising the interest to a third party without prior notice. *Id.* at 921. The court held:

> When the owner of property subject to a pre-emptive right declares his intention to sell, the holder of the right has an

---

5. In their brief, the Kondoses contend that Bernard Carrico's affidavit, which was attached to the Carricos' motion for summary judgment, was not competent summary judgment evidence because it was not notarized. But the record shows that the court granted the Carricos leave to correct the affidavit, and the Carricos filed a notarized affidavit the next day. *See* Tex.R. Civ. P. 166a(c); *cf.*

*Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996) (holding that late-filed evidence may not be considered unless the record affirmatively shows the trial court's acceptance of the late filing); *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 374 (Tex.App.-San Antonio 1999, pet. denied) (same).

election to purchase the property or decline to purchase it and let the owner sell it to another. A transfer in violation of the pre-emptive right is equivalent to such a declaration. *In a suit for specific performance* of an agreement not to sell or transfer without first making an offer to the plaintiff, such a transfer is considered equivalent to the offer which the owner has failed to make and gives the plaintiff an election to accept or reject, that is, to purchase or to decline to purchase.... Acquiescence in a transfer made in violation of the pre-emptive right would be conduct inconsistent with an intention to purchase. In this case, when plaintiff learned of the terms of the will, not later than December 2, 1970, he had an election to exercise his pre-emptive right and demand transfer to him of the overriding royalty interest, or to decline to exercise that right and acquiesce in the transfer made by the will in breach of the agreement. His acceptance of royalty payments before giving notice of exercise of his pre-emptive right may be evidence of his election to acquiesce in the transfer made by the will.

*Id.* at 922–23 (citations omitted) (emphasis added).

 The Kondoses' reliance on *Martin* is misplaced because that case concerns the ability of the holder of a right of first refusal to obtain specific performance of that right. *See id.* It does not *require* the holder to seek specific performance. *Cf. Shelton v. Poynor,* 326 S.W.2d 583, 585 (Tex.Civ.App.-El Paso 1959, writ dism'd) (holding that upon breach of contract for sale of real property, nonbreaching party may sue for either specific performance or damages). Here, the Carricos did not plead specific performance, but rather sought damages based on the Kondoses' breach. The breach of a contract by one party excuses performance by the non-breaching party. *Mead v. Johnson Group, Inc.,* 615 S.W.2d 685, 689 (Tex.1981). After a breach of contract has given rise to a cause of action, the rights of the non-breaching party are not affected by an offer to perform by the breaching party. *Perritt Co. v. Mitchell,* 663 S.W.2d 696, 699 (Tex.App.-Fort Worth 1983, writ ref'd n.r.e.); *Sinclair Refining Co. v. Costin,* 116 S.W.2d 894, 898 (Tex.Civ.App.-Eastland 1938, no writ). Thus, once the Kondoses breached the ROFR, the Carricos were entitled to sue for damages and did not have to further comply with the ROFR to maintain their suit.

Because as a matter of law the Carricos were not required to comply with the ROFR after the Kondoses' breach in order to maintain an action for breach of contract damages, we hold that the Kondoses were not entitled to summary judgment on the third ground set forth in their motion and, thus, overrule their third issue on appeal.

### Conclusion

Having sustained the Carricos' first issue and overruled the Kondoses' issues, we reverse the summary judgment in favor of the Kondoses and remand the case to the trial court.