COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-06-239-CV

 

 

ALBERT KING                                                                     APPELLANT

 

                                                   V.

 

DILLON RESOURCES, INC., 

SUNSET TRANSPORTATION,
INC.,                                          APPELLEES

GLIDEWELL
LEASING COMPANY, 

LIMITED
PARTNERSHIP, 

SUNSET
LOGISTICS, INC., 

CONQUEST
MANAGEMENT TRUST 

AND
JOHN GLIDEWELL, INDIVIDUALLY

                                                                                                        

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Albert King appeals
from the trial court=s grant of
summary judgment in favor of Appellees Sunset Transportation, Inc.; Glidewell
Leasing Company, Limited Partnership; Sunset Logistics, Inc.; Dillon Resources,
Inc.; Conquest Management Trust; and John Glidewell.  King brings six issues on appeal.  In his first issue, King makes a general
assertion that the trial court erred in granting the no-evidence summary
judgment motions.  In his second and
third issues, King argues that Sunset Logistics did not file a no-evidence
motion for summary judgment and, if this court construes the motion as a
no-evidence motion for summary judgment, the motion of Sunset Logistics was
legally insufficient.  Appellees concede
that Sunset Logistics did not move for a no-evidence summary judgment and that
the judgment must be reversed and remanded as to Sunset Logistics because the
trial court granted more relief for Sunset Logistics than it sought.








In his fourth issue, King
argues that whether Sunset Logistics and Dillon Resources owed him a legal duty
is a question of law and not an appropriate ground for judgment on a
no-evidence motion, and to the extent the trial court granted the motions on
this ground, it was error.  In his
remaining two issues, King argues that Sunset Logistics and Dillon Resources,
as his employers, owed him a legal duty; there is evidence of negligent acts of
Sunset Logistics and Dillon Resources, and such negligent acts were a proximate
cause of the occurrence in question; and Appellees Sunset Transportation,
Glidewell Leasing, Conquest Management Trust, and John Glidewell have liability
under an alter ego theory.  Because we
hold that the trial court erroneously granted appellee Sunset Logistics=s summary judgment on grounds not stated in its motion, that King
produced more than a scintilla of evidence on the elements of negligence, and
that Appellees did not dispute the alter ego theories of recovery in their
summary judgment motions, we reverse the judgment of the trial court and remand
this case for further proceedings.

I.  Facts

King was injured when the
rock hauler he was driving turned over. 
At the time of the accident, Sunset Logistics and Dillon Resources were
his employers.  Glidewell Leasing and Sunset
Logistics owned the truck that King was driving.

King filed suit, claiming
that Sunset Logistics and Dillon Resources were negligent by failing to
properly repair and maintain equipment, directing that the trailer be
overloaded, and generally failing to provide King with safe working conditions
on the occasion in question and that their negligence proximately caused his
injuries.  King also alleged that
appellees Sunset Transportation, 
Glidewell Leasing, Conquest Management Trust, and John Glidewell are
alter egos of Sunset Logistics and Dillon Resources.








Before the end of the
discovery period, appellees Sunset Transportation, Glidewell Leasing, and
Sunset Logistics jointly filed a motion alleging both traditional and
no-evidence grounds for summary judgment.[2]  Specifically, Sunset Transportation and
Glidewell Leasing argued that there was no evidence that they committed any
acts of negligence, and no evidence that their negligence, if any, proximately
caused the accident in question.  Sunset
Transportation also argued that there was no evidence that it owed a legal duty
to King.  Sunset Logistics did not argue
no-evidence grounds for summary judgment. 








Appellees Dillon Resources,
Conquest Management Trust, and John Glidewell also jointly filed a motion
alleging both traditional and no-evidence grounds for summary judgment.  They argued that there was no evidence that
they committed any acts of negligence, and no evidence that their negligence,
if any, proximately caused the accident in question.  Conquest Management Trust and John Glidewell
also argued that there was no evidence that they owed a legal duty to
King.  No one disputed the alter ego
allegations.  The trial court granted a
no-evidence summary judgment for Appellees and denied the traditional summary
judgment motions.  The order stated that A[t]his judgment is final, and disposes of all claims and all parties.@

II.  Standard of Review

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.[3]  Such a summary judgment motion Ais essentially a motion for a pretrial directed verdict.@[4]  The motion must specifically
state the elements for which there is no evidence.[5]  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.[6]








When reviewing a no-evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.[7]  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.[8]  Less than a scintilla of evidence exists when
the evidence is so weak that it does nothing more than create a mere surmise or
suspicion of a fact.[9]  More than a scintilla of evidence exists when
the evidence would enable reasonable and fair-minded people to reach different
conclusions.[10]  A genuine issue of material fact is raised by
presenting evidence on which a reasonable jury could return a verdict in the
nonmovant=s favor.[11]

III.  Analysis

A. Sunset Logistics, Inc.








We first address King=s argument, which Appellees concede, that the trial court abused its
discretion by granting a no-evidence summary judgment for Sunset
Logistics.  A trial court errs if it
grants summary judgment in favor of a party who has not moved for that relief,[12]
and we cannot affirm a summary judgment on grounds not expressly set out in the
motion or response.[13]  An order or judgment that by its language
expressly and unequivocally disposes of all claims and parties is final even
though it should have been interlocutory because, for example, it grants
summary judgment on only one of a plaintiff=s claims.[14]  Similarly, an otherwise final judgment that
grants more relief to a party than that party is entitled to is not
interlocutory merely because it grants more relief than requested; rather, it
is an erroneous final judgment subject to reversal.[15]  In the interest of judicial economy, we
address the merits of other properly presented claims.[16]








In this case, Sunset
Logistics moved for summary judgment only on traditional grounds.  Thus the trial court, in granting a
no-evidence summary judgment for Sunset Logistics granted relief not
requested.  Because the summary judgment
in favor of Sunset Logistics cannot be affirmed on grounds not expressly set
out in its motion for summary judgment, we sustain King=s second issue and hold that the trial court=s judgment must be reversed as to Sunset Logistics.[17]  Accordingly, we do not need to address King=s third issue.[18]

B.  King=s Remaining Issues

We next address the merits of
King=s remaining issues.  Because the
trial court did not specify on which grounds it granted the no-evidence
motions, we must affirm the trial court=s decision if any of the grounds raised by the remaining Appellees
support it.[19]  We do not, however, consider their grounds
for traditional summary judgment, which were expressly denied by the trial
court, because Appellees did not preserve those grounds.[20]

 

 








1.  Duty

In his fifth issue, King
attacks each of the no-evidence grounds raised by Appellees.  In their no-evidence summary judgment
motions, all Appellees except Sunset Logistics argued that there was no
evidence that they committed any acts of negligence or that their negligence,
if any, proximately caused the accident in question.  Sunset Transportation, Conquest Management
Trust, and John Glidewell all also argued that there was no evidence that they
owed a legal duty to King.  We consider
in turn each of King=s arguments
as to those grounds.

We first address King=s argument that the trial court erred by granting the no‑evidence
motion for summary judgment of Dillon Resources on the ground that there was no
evidence that it owed a legal duty to King. 
King contends that this issue presents a question of law and is not an
appropriate ground for judgment on a no‑evidence motion.  King further contends that Dillon Resources
was his co-employer and that no other fact needs to be established to show duty
because employers have a duty to use reasonable care to furnish a reasonably
safe work place and reasonably safe instrumentalities.








Generally, A[a]n employer is not an insurer of its employees= safety at work.@[21]  But Aan employer does have a duty to use ordinary care in providing a safe
work place@[22] and in furnishing Areasonably safe instrumentalities with which employees are to work.@[23]  These duties are nondelegable
and continuous.[24]








The summary judgment motion
of Dillon Resources admitted that King was its employee on the date of the
accident and did not dispute that as King=s employer, it owed him a legal duty. 
In fact, the motion was silent as to whether Dillon Resources owed any
duty to King, arguing only that Conquest Management and John Glidewell did not
owe him a legal duty.  The trial court
thus could not have granted Dillon Resources summary judgment based on the
ground of no evidence of a legal duty to King, and we cannot affirm the
judgment for Dillon Resources based on this ground.[25]  Accordingly, to the extent that the trial
court=s judgment was based on this ground, we hold that the trial court
erred by granting the judgment and sustain King=s fifth issue.  We therefore do
not need to address King=s fourth
issue.[26]

2.  Breach of Duty








We next consider King=s argument that he presented more than a scintilla of evidence on the
issue of whether Dillon Resources negligently breached a duty to King to
provide him with a safe place to work and reasonably safe instrumentalities
with which to work and to otherwise not negligently injure him.  King=s summary judgment evidence included his deposition in which he stated
that he had reported to Dillon approximately ten times, in writing, that the
trailer had cracks in the side and that the air bag was leaking on the rear
tandem.  He further testified that in his
experience with truck driving and in doing structure repair for aircraft,
stress cracks will cause the weight to become uneven, making it more likely for
the truck to tip over.  He stated that
the air bags shift the load and keep the tandem up and that a leak in the air
bags can cause the truck to tip over. 
King also testified that on the day in question, maintenance brought out
the truck for him to drive, that he heard air leaking from the area near the
tandems or tailgate, that there was no one for him to report the problem to
that day, and that his understanding was that when maintenance pulls a truck
out onto the lot, the driver drives it because maintenance is Apretty much saying they=ve got it fixed.@  He stated that he had been told that the
cracks were Ainsignficant,@ that they were Ano problem,@ and that he should continue to drive the truck.  Finally, King testified that he was told Aevery day@ to drive a
truck, even if it was illegally overloaded, and that his employers would take
care of any tickets that resulted.

Looking at the record in the
light most favorable to King, indulging every reasonable inference and
resolving any doubts against Dillon Resources, we hold that King produced some
evidence that the truck provided to him to drive had maintenance problems that
could cause it to turn over and that Dillon Resources was aware of the truck=s problems.  This evidence was
such that would enable reasonable and fair-minded people to reach different
conclusions about whether Dillon Resources committed any negligence on the
occasion in question.  We therefore hold
that the trial court erred to the extent the summary judgment motion was
granted on this ground[27]
and sustain King=s fifth
issue to that extent.








3.  Proximate Cause

We now consider King=s last argument under his fifth issue, that he presented sufficient
summary judgment evidence as to whether negligent acts of Dillon Resources were
a proximate cause of the occurrence in question.  King argues that Dillon Resources= negligence caused the truck he was driving to roll over to the left
when it should not have and that it was clearly foreseeable that such a rollover
would occur in an overloaded vehicle with a defective air bag system; thus,
Dillon Resources= negligence
proximately caused the accident that resulted in his injuries. 

a.  Cause in Fact

Proximate cause consists of both
cause in fact and foreseeability.[28]  Cause in fact is an act or omission that is a
substantial factor in bringing about the injury, without which the injury would
not have occurred.[29]








In King=s deposition, he stated that the air bag system is supposed to prevent
load shifting; that cracks in the truck cause the load to be unevenly
disbursed, making it more likely that the truck might tip over; that he had
reported the truck=s air bag
system leaking a number of times; that on the day of the accident, he heard air
leaking from the rear of the truck; and that the truck still had cracks on the
day of the accident.  He further
testified that just before the accident, he had been driving at legal speed, he
had slowed down to take the turn safely at about twenty miles per hour, no
other vehicle cut across or behind him, and he did not strike anything before
the accident.  He said that after he made
the left turn, he felt the truck jerk to the left, and the truck then turned
over on its left.  He also testified that
he had driven on this ramp with a load on Aa lot@ of
occasions and had never experienced anything like this before.








From looking at the evidence
in the light most favorable to King, there is evidence that the truck air bag
system must be maintained for its stability and to avoid a safety hazard and
that stress fractures must be repaired and trucks not overloaded for the same
reason.[30]  King=s evidence constitutes some evidence that the truck turned over
because of a lack of stability resulting from the failure to properly maintain
the truck.[31]  There is no evidence that anything else but
this failure caused the truck to tip over. 
Thus, King produced evidence that the failure to maintain the truck
properly and negligence in providing the truck to King were substantial factors
in causing the accident and King=s injuries, which would not have otherwise occurred.  We therefore hold that there was at least
some evidence, sufficient to raise a fact issue, that negligence by Dillon
Resources was a cause in fact of King=s injuries.

b.  Foreseeability

King also argues that he
produced sufficient summary judgment evidence of foreseeability.  The element of foreseeability is met if a
person of average intelligence should have anticipated that the act or omission
would create a danger to others.[32]








King=s deposition stated that he had reported the stress cracks and an air
bag leak, in writing, multiple times, which shows that the company was aware
that the air bag system, designed to keep loads from shifting, was not working properly
and that the truck had cracks.  He
further testified that on the day in question, maintenance brought the truck
out for him to drive; that when maintenance puts a truck on the lot, the driver
drives it because maintenance is basically saying that the problem has been
fixed; and that he had previously been told to continue driving the truck
because the cracks were Ainsignificant@ and not a problem.  King
therefore produced some evidence, sufficient to raise a fact issue, that Dillon
Resources was aware that he would be driving a truck with maintenance issues
that could cause a truck to turn over. 
King therefore produced some evidence as to foreseeability, such that
would enable reasonable and fair-minded people to reach different conclusions
about whether the turnover was foreseeable.[33]  We therefore hold that King produced evidence
of proximate cause sufficient to prevent a no-evidence summary judgment motion
on this ground and that the trial court erred to the extent that it granted the
motion on this ground.  Accordingly, we
sustain King=s fifth
issue.

4.  Alter Ego








Finally, we address King=s sixth issue, which argues that the trial court erred by granting the
no-evidence motions for Sunset Transportation; Glidewell Leasing Company;
Conquest Management Trust; and John Glidewell because they did not file a
no-evidence motion on any or all of the elements of King=s alter ego theory of recovery against them.[34]  King only argues that these Appellees are
liable based on the alter ego theory, and thus if there is no evidence of
negligence as to Sunset Logistics and Dillon Resources, then there is no
evidence of negligence as to the remaining Appellees.  The trial court therefore could have granted
summary judgment for these Appellees without determining the merits of King=s alter ego theory.  Because
these Appellees did not allege that there was no evidence on King=s alter ego theory, the trial court could not have granted the motion
in their favor on the ground.[35]  Accordingly, because we have already held
that King produced sufficient summary judgment evidence to defeat the
no-evidence summary judgment motion of Dillon Resources and that the trial
court erred by granting the no-evidence summary judgment motion of Sunset
Logistics, we hold that the trial court erred by granting the no-evidence
summary judgment motions of Sunset Transportation; Glidewell Leasing; Conquest
Management Trust; and John Glidewell.  We
sustain King=s sixth
issue.








Because we have held that the
trial court erred by granting the no-evidence motions on all of the grounds
raised in the motions, we also sustain King=s first issue.

Conclusion

Having held that the trial
court erred by granting Appellees= no-evidence summary judgment motions, we reverse the trial court=s judgment and remand this case for further proceedings.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

CAYCE, C.J. concurs without opinion.

LIVINGSTON, J. concurs without opinion.  

DELIVERED: 
April 5, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 166a(i) & cmt
(stating that ordinarily a no-evidence motion would be permitted after the
discovery period but not before); see also Specialty Retailers, Inc. v.
Fuqua, 29 S.W.3d 140, 145 (Tex. App.CHouston [14th Dist.] 2000,
pet. denied) (holding that the rule Adoes not require that
discovery must have been completed, only that there was >adequate
time=@).





[3]Tex. R. Civ. P. 166a(i).





[4]Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581-82 (Tex. 2006).





[5]Tex. R. Civ. P. 166a(i); Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).





[6]See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).





[7]Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).





[8]Moore
v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).





[9]Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).





[10]Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004); Merrell Dow
Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).





[11]Moore, 981
S.W.2d at 266; see also Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting Fed. R. Civ. P. 56).





[12]Young
v. Hodde, 682 S.W.2d 236, 237 (Tex. 1984).





[13]Stiles
v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993).





[14]Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).





[15]Id.





[16]Bandera
Elec. Coop. v. Gilchrist, 946 S.W.2d 336, 337 (Tex. 1997)
(stating that A[b]y
not reversing the entire judgment, we avoid the needless relitigation of
decided issues and thus promote judicial economy@); Positive
Feed, Inc. v. Guthmann, 4 S.W.3d 879, 881 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).





[17]See
Lehmann, 39 S.W.3d at 205; see also Stiles, 867 S.W.2d at 26.





[18]See Tex. R. App. P. 47.1.





[19]See
Carr v. Brasher, 776 S.W.2d 567, 559 (Tex. 1989); see also
Bell v. VPSI, Inc., 205 S.W.3d 706, 712 (Tex. App.CFort
Worth 2006, no pet.).





[20]See
Carrico v. Kondos, 111 S.W.3d 582, 585 (Tex. App.CFort
Worth 2003, pet. denied) (holding that to preserve summary judgment grounds for
appeal, Athe
party must raise them in the summary judgment proceeding and present them in an
issue or cross‑point on appeal@); see also Sefzik v. City
of McKinney, 198 S.W.3d 884, 890 (Tex. App.CDallas
2006, no pet.).





[21]Leitch
v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996).





[22]Id.





[23]Farley
v. M M Cattle Co., 529 S.W.2d 751, 754 (Tex. 1975), overruled
on other grounds by Parker v. Highland Park, Inc., 565 S.W.2d
512 (Tex. 1978); see also Brookshire Grocery Co. v. Goss, 208 S.W.3d
706, 712 (Tex. App.CTexarkana
2006, no pet. h.).





[24]Brookshire
Grocery Co., 208 S.W.3d at 712.





[25]See
Stiles, 867 S.W.2d at 26.





[26]Tex. R. App. P. 47.1.





[27]See
Ford Motor Co., 135 S.W.3d at 601 (stating that A[w]e
have repeatedly held that more than a scintilla of evidence exists if the
evidence >rises
to a level that would enable reasonable and fair‑minded people to differ
in their conclusions=@); see
also Merrell Dow Pharm., Inc., 953 S.W.2d at 711. 





[28]Clark
v. Waggoner, 452 S.W.2d 437, 439-40 (Tex. 1970); Lawrence
v. City of Wichita Falls, 122 S.W.3d 322, 329 (Tex. App.CFort
Worth 2003, pet. denied).





[29]Morris
v. JTM Materials, Inc., 78 S.W.3d 28, 50 (Tex. App.CFort
Worth 2002, no pet.).





[30]See Wal‑Mart
Stores, Inc. v. Berry, 833 S.W.2d 587, 591 (Tex. App.CTexarkana
1992, writ denied) (holding that evidence Athat shrink‑wrapping
the pallets is necessary for their stability and to avoid a safety hazard,@ that
A[l]ack
of stability can cause the stacks to lean and, possibly, fall,@ and
that A[t]he
pallets were leaning just before the accident occurred . . . constitutes circumstantial
evidence that the pallets leaned and fell because of a lack of stability
brought about by the failure to shrink‑wrap them@).





[31]See
id.; see also Ford Motor Co., 135 S.W.3d at 601 (stating that A[b]oth
direct and circumstantial evidence may be used to establish any material fact@).





[32]Waggoner, 452
S.W.2d at 439; Lawrence, 122 S.W.3d at 329.





[33]See
Berry, 833 S.W.2d at 591 (holding that evidence that store required pallets
to be shrink‑wrapped to give them stability and considered unwrapped
pallets dangerous and that the pallets were stacked Aconstitutes
some evidence from which the jury could infer that [the store] could reasonably
foresee that the displays could fall if not properly wrapped and stacked@).





[34]See Tex. R. Civ. P. 166a(i); Johnson, 73
S.W.3d at 207.





[35]See
Johnson, 73 S.W.3d at 207.