

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00287-CV

———————————————————

DEBORAH ANN WALTON, Appellant

V.

DONALD R. DELF, JR., Appellee

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-317132-20

---

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Deborah Ann Walton appeals the summary judgment granted in favor of her ex-husband, Appellee Donald R. Delf Jr., whom she sued for allegedly breaching an oral agreement between them. We will affirm based on Delf's cross-point because summary judgment was appropriate on statute of limitations grounds.

## I. BACKGROUND

Walton was awarded all right and title to the couple's Plano, Texas home after Walton and Delf divorced in 2009. After the divorce, they both continued to live in the home until Walton moved out in February 2011. Delf lived in the home until it was sold on September 16, 2013. Walton and Delf tried to sell the house shortly after their divorce, but the house did not initially sell because of the numerous repairs required. Delf alleged that he made repairs to the home totaling over $130,000 so that the house would be more marketable. The home subsequently sold for a net profit of $255,313.48.

Walton claims that she and Delf entered into an oral agreement via a phone call on September 15, 2013—the day before closing—the terms of which entailed Walton lending Delf $127,656.74, which constituted one-half of the net equity proceeds from the sale of the home. Delf allegedly agreed to repay this entire sum within one year. At

closing, Walton and Delf signed a document[1] that provided that the net proceeds from the sale would be evenly divided between them.

Walton alleged that Delf—though he refused to commit the agreement to writing or to establish a repayment schedule—made monthly payments to her from February 2014 through February 2017. These payments, Walton claimed, were to pay off what she understood to be a loan pursuant to the oral agreement. Delf contended that the proceeds-split document constituted the only agreement between them and that it established that Delf was to receive half of the proceeds outright rather than as a loan from Walton. He characterized the three-years' worth of monthly payments he made to Walton as "general support" made out of "moral obligation" to his former wife.

Walton sued Delf on May 29, 2020, claiming that Delf breached the alleged oral agreement by failing to repay the loan "within no longer than one year" from when they entered the agreement on September 15, 2013.[2] Delf moved for summary judgment, arguing that Walton's claim was barred by the four-year statute of limitations governing breach of contract claims; the trial court denied his motion. *See* Tex. Civ. Prac. & Rem.

---

[1]The parties refer to this document in their briefs as either the "Proceeds Split" document (Appellant) or the "Proceeds Split Agreement" (Appellee). We refer to it as the proceeds-split document.

[2]Walton also brought claims for breach of fiduciary duty, promissory estoppel, and constructive trust, but these claims were nonsuited with prejudice, leaving only the breach of contract claim.

Code Ann. § 16.051; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3). Delf again moved for summary judgment, this time claiming that the proceeds-split document constituted the only agreement between the parties, thus rendering the alleged oral agreement unenforceable because of the parol evidence rule. Delf also moved for reconsideration of his initial summary judgment motion that was based on limitations. The trial court granted Delf's summary judgment motion on parol evidence grounds and denied his motion to reconsider the limitations argument.

## II. DISCUSSION

Walton argues on appeal that the trial court erred because (1) the parol evidence rule was inapplicable and (2) there was no genuine issue of material fact regarding the existence of the oral agreement. Delf responds, among other arguments, with a conditional cross-point[3] contending that, even if it is assumed that Walton's appellate issues are meritorious and that the oral agreement existed as alleged, summary judgment was appropriate because her claim was barred by the statute of limitations. We agree with Delf.

---

[3] *See Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc.*, 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("If an appellee is satisfied with the relief granted by the trial court, but merely wants to present additional, independent grounds for affirming the trial court's judgment, no notice of appeal is required. The independent grounds for affirmance can be raised in a cross-point as long as the appellee is not requesting greater relief than that awarded by the trial court."); *see also Bosque Asset Corp. v. Greenberg*, 19 S.W.3d 514, 520 Tex. App.—Eastland 2000, pet. denied) (holding that appellee's cross-point that summary judgment was required on limitations grounds was appropriately preserved and raised for appellate review).

## A. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b)–(c). "Where the plaintiff's pleadings establish that the statute of limitations has run, pleadings alone can justify summary judgment." *Trail Enters., Inc. v. City of Hous.*, 957 S.W.2d 625, 632–33 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

Generally, a denial of a motion for summary judgment is not reviewable on appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). However, when the trial court grants summary judgment on grounds that dispose of all of the non-movant's claims, the judgment becomes final and the reviewing court should consider all preserved grounds presented to the trial court. *Id.* at 626. A ground is preserved if raised by the movant in the summary judgment proceeding and presented in an issue or cross-point on appeal. *Carrico v. Kondos*, 111 S.W.3d 582, 585 (Tex. App.—Fort Worth 2003, pet. denied). In the interest of judicial economy, appellate courts can affirm a summary judgment on different grounds than those relied upon by the trial

5

court. *Gumpert v. ABF Freight Sys., Inc.*, 293 S.W.3d 256, 264 n.4 (Tex. App.—Dallas 2009, pet. denied).

## B. APPLICABLE LAW

The statute of limitations for breach of contract is four years from the date the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.051; *see also Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). A cause of action for breach of contract accrues when the contract is breached. *Stine,* 80 S.W.3d at 592. Breach occurs when a party fails to perform his or her obligations under the contract. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

## C. WALTON'S CLAIM WAS BARRED BY THE STATUTE OF LIMITATIONS

Walton has maintained from the outset that her breach of contract claim stemmed from the alleged oral loan agreement entered into by the parties on September 15, 2013, and that the loan had a one-year repayment term.[4] Walton enumerates these same agreement terms in her appellant's brief and we will accept them as true. *See* Tex. R. App. P. 38.1(g) (requiring in civil cases that appellate courts "accept as true the facts stated" in the appellant's brief unless contradicted by another party).

If payment of the loan was due within one year of September 15, 2013, then Delf's breach would have occurred—it being undisputed that he failed to repay Walton

---

[4]The record shows that Walton asserted this one-year duration term in her verified original petition, her response to Delf's initial motion for summary judgment, and her response to Delf's second motion for summary judgment

6

the full amount in that year—on September 16, 2014. *See Stine,* 80 S.W.3d at 592. The statute of limitations started to run on this date; thus, to comply with the four-year limitation period, Walton should have brought her breach of contract claim no later than September 16, 2018. But she did not bring the claim until May 29, 2020.

Accordingly, we hold that Delf conclusively proved his statute of limitations affirmative defense.

### D. THE ALLEGED ORAL AGREEMENT WAS NOT A CONTINUING CONTRACT

Walton contends that the oral agreement constituted a continuing contract for payment and thus she was entitled to a later accrual date by which to bring her breach of contract action. In support, she points to extrinsic evidence that Delf made monthly payments to her for three years.

"In a continuing contract, the contemplated performance and payment is divided into several parts or, where the work is continuous and indivisible, the payment for work is made in installments as the work is completed." *Hubble v. Lone Star Contracting Corp.*, 883 S.W.2d 379, 381 (Tex. App.—Fort Worth 1994, writ denied). "If the parties' agreement contemplates a continuing contract for performance, the limitations period usually does not commence until the contract is fully performed." *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 786 (Tex. App.—Houston [14th Dist.] 2016, no pet.). But when a contract contains a specific performance date, the continuing contract doctrine does not toll the running of limitations beyond the performance date. *See Capstone*

*Healthcare Equip. Servs. Inc. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 700–01 (Tex. App.—Dallas 2009, pet. denied); *see also Republic Parking Sys. of Tex., Inc. v. Med. Towers, Ltd.*, No. 14-02-01141-CV, 2004 WL 2358315, at *9 (Tex. App.—Houston [14th Dist.] Oct. 21, 2004, pet. denied) (holding that the continuing contract doctrine did not apply because the contract had a specific term of five years); *see also Tabrizi v. Daz-Rez Corp.*, 153 S.W.3d 63, 67 (Tex. App.—San Antonio 2004, no pet.) (holding that only when the performance term is omitted from an oral agreement should courts consider extrinsic evidence to determine that term).

The record conclusively shows—through Walton's pleadings and continued admissions—that the alleged oral agreement between Walton and Delf did not call for periodic payments but instead had a specific performance date of one year from contract formation. Thus, the parties did not enter into a continuing contract, and Walton's claim accrued in September 2014.

## III. CONCLUSION

Having held that Walton's breach of contract claim was barred by the statute of limitations, we need not consider her issues raised on appeal. *See* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: June 30, 2022